# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| David LeRoy Ross, <br><br>          Plaintiff, <br> v. <br><br> Northland Group Inc., <br><br>          Defendant. | **<u>COMPLAINT</u>** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

## <u>JURISDICTION</u>

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## <u>PARTIES</u>

3. Plaintiff David LeRoy Ross is a natural person who resides in the City of Maple Grove, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Northland Group Inc. (hereinafter "Defendant") is a domestic corporation with a registered address of 7831 Glenroy Road #350, Edina, MN 55439. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.      Prior to August 2009, a person with a name similar to that of Plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with Montgomery Ward.

6.      Upon information and belief, in or about August 2009, the alleged debt was transferred, sold, or assigned to Defendant for collection.

7.      On or about August 17, 2009, Defendant sent a collection letter to Plaintiff demanding payment on the alleged debt that does not belong to him.

8.      Upon information and belief, Plaintiff's wife contacted Defendant and put it on notice that it had the wrong David Ross and to cease all communications to their home.

9.      On August 26, 2009, Plaintiff's attorney sent Defendant a letter stating that he represented Plaintiff with regard to the alleged debt.

10.     Therein, Plaintiff's attorney further explained that Defendant was attempting to collect from the wrong person and should immediately cease all further communications with Plaintiff.  Plaintiff's attorney also provided Defendant with personal information, including Plaintiff's date of birth and a partial social security number, to corroborate that Defendant was attempting to collect from the wrong person.

11.     On or about August 31, 2009 Defendant sent Plaintiff's attorney a letter acknowledging receipt of the August 26, 2009 letter and admitted it had contacted Plaintiff in error.

12.     However, upon information and belief, in December 2009 Defendant began to telephone Plaintiff's home in an attempt to collect the alleged debt that did not belong to him in violation of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and 1692d.

13.     On or about December 2, 2009 Defendant sent Plaintiff a collection letter again demanding payment on the alleged debt that does not belong to him in violation of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and 1692d.

14.     On or about December 31, 2009 Defendant sent Plaintiff another collection letter demanding payment on the alleged debt that does not belong to him in violation of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and 1692d.

15.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## TRIAL BY JURY

16.     Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.    The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19.    As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Dated this 2<u>nd</u> day of February, 2010.          Respectfully submitted,


By: s/ Trista M. Roy

**CONSUMER JUSTICE CENTER, P.A.**
Trista M. Roy
Attorney I.D. #0387737

367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:(651) 704-0907
tristacjc@aim.com

*ATTORNEY FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF _____)

      I, David LeRoy Ross, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                      s/David LeRoy Ross
                      David LeRoy Ross


Subscribed and sworn to before me
this 15th day of January, 2010.

s/Thomas J. Lyons Jr. _____
Notary Public